Argued January 21, affirmed March 16, 1972

WINGFIELD, *Respondent, v.* NATIONAL BISCUIT
COMPANY, *Appellant.*

494 P2d 905

*Andrew F. Fink,* Portland, argued the cause for appellant. With him on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

*Keith Burns,* Portland, argued the cause for respondent. With him on the brief was Jane Edwards, Portland.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

This is an appeal by the employer from an order of the circuit court reversing the orders of the hearing officer and the Workmen's Compensation Board (in which one commissioner dissented) and directing de-

fendant to pay a penalty and attorney fees for defendant's alleged unreasonable delay in making payments for temporary total disability to claimant.

The principal issue on appeal is whether the employer unreasonably delayed payment of compensation so as to entitle claimant to penalties and attorney fees pursuant to ORS 656.262(8) and 656.382.①

Claimant sustained an on-the-job injury to her hip in 1968. She was examined and treated by Dr. Eisendorf, who was her personal physician as well as

---

① ORS 656.262(8):

"If the fund or direct responsibility employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, it shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

ORS 656.382:

"(1) If a direct responsibility employer or the State Accident Insurance Fund refuses to pay compensation due under an order of a hearing officer, board or court, or otherwise unreasonably resists the payment of compensation, the employer or fund shall pay to the claimant or his attorney a reasonable attorney's fee as provided in subsection (2) of this section. To the extent a contributing employer has caused the fund to be charged such fees, such employer may be charged with those fees.

"(2) If a request for hearing, request for review or court appeal is initiated by an employer or the fund, and the hearing officer, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or fund shall be required to pay to the claimant or his attorney a reasonable attorney's fee in an amount set by the hearing officer, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal.

"(3) If upon reaching a decision on a request for hearing initiated by an employer it is found by the hearing officer that the employer initiated the hearing for the purpose of delay or other vexatious reason or without reasonable ground, the hearing officer may order the employer to pay to the claimant such penalty not exceeding $750 and not less than $100 as may be reasonable in the circumstances."

staff doctor for the employer. After a hearing she was awarded permanent partial disability by order of the hearing officer dated April 24, 1970.

On May 5, 1970, the employer elected to pay her permanent partial disability in a lump sum payment of $660 as permitted by ORS 656.230(3), rather than in monthly instalments.

On May 15, while still working for the same employer, claimant reported to Dr. Eisendorf at the employer's plant that she was experiencing further pain from her injury. She testified he informed her that he would get her claim reopened and recommended that she discontinue work immediately pending a neurological examination, which was conducted by Dr. Smith on May 26.

Approximately three weeks after she had stopped work, and when she had not yet received any payments on account of her temporary total disability, she telephoned her employer requesting such payments, but without immediate result. In her further efforts to receive this compensation she in turn telephoned her union, the hearing officer involved in her permanent disability case, her attorney, and once again her employer. Claimant's attorney endeavored to reach the employer's personnel officer on two occasions, and being unsuccessful in his efforts to contact the employer requested the Workmen's Compensation Board on June 10 to grant claimant a hearing.

On June 15 the employer mailed claimant a check for $164, one month's payment for temporary total disability (weekly temporary total disability benefits were $41.09). The payment was retroactive to May 15.

When claimant left work on May 15, at the recommendation of Dr. Eisendorf, and the claimed aggravation being made a matter of record, it appears that as of that date the employer was on notice of responsibility to reopen the claim.

ORS 656.262(4) provides:

"The first instalment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim. * * *"

■ The claimant attempted in good faith to cause her employer to commence temporary total disability payments prior to her request for hearing. The employer contends it was his understanding of the law that he was not required to make temporary total disability payments inasmuch as he had just made a lump sum permanent partial disability award; that since the weekly payment for temporary total disability payment and permanent partial disability is the same, it would be a matter of a "bookkeeping entry" to change from one type of disability to the other, and the advance lump sum payment having been made, no further payment was due until August 25, 1970. We disagree. *Jackson v. SAIF*, 7 Or App 109, 490 P2d 507 (1971).

■■ The employer also contends (a) that the trial court erred in awarding $400 attorney fees for services in the administrative proceedings and $400 attorney fees for services before the circuit court; and (b) that the fees awarded were excessive and unreasonable. He bases his first contention on the fact that ORS 656.262(8) refers to ORS 656.382(1), which in turn is limited by ORS 656.382(2). The latter provision says

who can award the fees, then states in part that attorney fees shall be allowed only if a request for hearing, request for review or a court appeal is initiated by the employer or the fund. Obviously if an employer unreasonably refuses to accept a claim or delays payment of compensation the injured workman would be the party initiating the request for relief. The construction urged by the employer would virtually nullify ORS 656.262(8), which specifically authorizes attorney fees in cases of unreasonable delay. The legislature is not presumed to have undertaken a vain act in enacting this penalty legislation. *Standard Ins. Co. v. Tax Com.,* 230 Or 461, 468, 370 P2d 608 (1962).

■ We hold that the fees awarded by the trial judge were authorized under ORS 656.262 (8) *(Jackson v. SAIF, supra)* and were not excessive or unreasonable for the services performed.

In summary, we are of the opinion that the trial judge correctly assessed the evidence concerning the delay and properly interpreted the applicable statutes.

Affirmed.