Argued January 30, affirmed as modified and remanded
March 5, 1973

# HORN, *Appellant, v.* TIMBER PRODUCTS, INC.
## (No. 72-1014-L), *Respondent.*

507 P2d 36

*John E. Ferris,* Medford, argued the cause for appellant. With him on the briefs were Lyle C. Velure and Collins, Redden, Ferris & Velure, Medford.

*Patrick Ford,* Medford, argued the cause for respondent. On the brief was Robert L. Cowling of Ford & Cowling, Medford.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This is an appeal by the claimant from an order of the circuit court which affirmed an order of the Workmen's Compensation Board. The Board's order reversed an order of the hearing officer which granted claimant a temporary total disability award and, in addition, assessed a penalty pursuant to ORS 656.262(8).[1]

The facts underlying this appeal are as follows: Claimant sustained a compensable injury on May 7, 1967, which claim was finally closed in July 1970 with an award of unscheduled permanent partial disability. Pursuant to ORS 656.216 the employer's carrier paid the award to claimant in monthly instalments beginning in August 1970 and continuing through June 5, 1971. On September 24, 1970 claimant was hospitalized for psychiatric care. On May 25, 1971 claimant sent a letter to the employer's carrier requesting that claimant's case be reopened for aggravation benefits and demanding payment of temporary total disability from September 24, 1970. Apparently neither the employer nor its carrier responded to claimant's letter, nor was any payment made to claimant on the aggravation claim. Consequently, claimant requested a hearing by the Workmen's Compensation Board.

A hearing was held on the aggravation claim on August 17, 1971. On the basis of the evidence produced at that hearing the hearing officer concluded that claimant's psychiatric disability was an aggra-

---

[1] ORS 656.262(8):

"If the fund or direct responsibility employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, it shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

vation of his May 7, 1967 injury and that claimant was temporarily totally disabled. He also concluded that the employer's failure to pay compensation from the time of claimant's hospitalization on September 24, 1970 was unreasonable. ORS 656.262(8). He therefore ordered the payment of (1) compensation from September 24, 1970 until termination would be authorized pursuant to ORS 656.268; (2) a penalty of 25 per cent of the compensation payable from September 24, 1970 to the date of the order (October 8, 1971); and (3) claimant's attorney fee.

In purported compliance with the hearing officer's order, the employer's carrier has paid to claimant temporary total disability compensation for the period beginning June 5, 1971 (the date on which the employer paid the last instalment of the permanent partial disability award). The carrier has refused to pay temporary total disability compensation between September 24, 1970 and June 5, 1971 because it had during that period paid to claimant monthly instalments of the permanent partial disability award. After demanding payment of the temporary total disability compensation and receiving no satisfaction, claimant requested a hearing on the employer's allegedly unreasonable failure to comply with the hearing officer's order. After a hearing a different hearing officer concluded that the order of October 8, 1971 was not in error and added to it only that the employer was now liable for more attorney fees.

On review the Workmen's Compensation Board reversed the hearing officers' orders. It concluded that claimant was not entitled to concurrent temporary total disability and permanent partial disability payments for the time period in dispute. In addition the Board concluded that the employer's conduct did not

warrant a penalty pursuant to ORS 656.262(8). On appeal the circuit court affirmed the order of the Workmen's Compensation Board in all particulars.

The primary issue on this appeal is whether the employer must pay the temporary total disability payments for the period in dispute, having already paid instalments on the previous permanent partial disability award during that same period. We conclude that it must.

■■ Claimant's request for hearing on the issue of aggravation demanded payment of temporary total disability benefits from September 24, 1970. Thus the employer was on notice of claimant's claim. If the employer wished to argue that the payment of the permanent partial disability instalments would preclude the awarding of compensation for temporary total disability for the period in dispute, he should have done so at the hearing. He did not take that position and, indeed, he appears not to have presented evidence that such instalments had been made. It was only after the hearing officer ordered that temporary total disability payments be made as of September 24, 1970 that the employer made a unilateral decision not to make such payments for the period during which claimant had received permanent partial disability instalments. Such a decision was improper. *Jackson v. SAIF*, 7 Or App 109, 490 P2d 507 (1971). Even had the employer followed proper procedure by filing a request for review by the Workmen's Compensation Board of the hearing officer's order, it would still not have been relieved of the duty to comply with the order. ORS 656.313 (1).[2]

___

[2] ORS 656.313(1):

"Filing by an employer or the State Accident Insurance Fund of a request for review or court appeal shall not stay payment of compensation to a claimant."

■■ Defendant seems to contend that the hearing officer's order was unlawful. We disagree. There is nothing in the Workmen's Compensation law which prohibits an injured employe from receiving a permanent partial disability award and then later receiving temporary total disability benefits if his condition deteriorates to the point where he cannot work. *Wingfield v. National Biscuit Co.*, 8 Or App 408, 494 P2d 905 (1972). In this case it was simply fortuitous that the claimant was still receiving instalments on the permanent partial disability award when he was hospitalized and temporarily totally disabled.

■ The second issue presented to us for resolution is whether the employer must pay to claimant the 25 per cent penalty awarded by the hearing officer. That penalty was assessed by the hearing officer at the first hearing pursuant to his finding that the employer's failure to pay compensation from September 24, 1970 constituted unreasonable refusal to pay compensation. The penalty had nothing to do with the employer's subsequent refusal to follow the hearing officer's order. After reviewing the entire record we have concluded that the facts contained therein do not show such unreasonable refusal to pay compensation as is contemplated by ORS 656.262(8). We therefore affirm the opinions of the Workmen's Compensation Board and the circuit court in that respect.

Affirmed as modified and remanded for the entry of an order in accordance with this opinion.