TAYLOR, *Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 77-6373, CA 12322)

595 P2d 515

David W. Hittle, Salem, argued the cause for petitioner. With him on the brief was Dye & Olson, Salem.

Earl M. Preston, Attorney, Eugene, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, Eugene.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

## TANZER, J.

The issue in this workers' compensation case is whether a carrier which is ordered to pay compensation for temporary total disability following an aggravation claim may take a setoff for installments on an award for permanent partial disability which it previously paid during the period of time for which temporary total disability payments were ordered.

Claimant suffered a compensable injury in September, 1974. She received temporary total disability for the period from the date of her injury to July, 1975, when she was awarded permanent partial disability for 50 percent unscheduled disability. In 1976, she filed an aggravation claim which led to a referee's order of September 13, 1977, reopening the claim and ordering payment of temporary total disability from June 18, 1976, until closure of the aggravation claim and a penalty of 25 percent of all compensation due claimant from June 18, 1976, to the date of the order. The Workers' Compensation Board affirmed that order.

Rather than pay the full amount of temporary disability ordered for the period beginning in June, 1976, SAIF redesignated the previously paid permanent partial disability installments as payments for temporary total disability. It then paid claimant $524.19, the amount by which the temporary disability for the period between June, 1976, and November, 1977, exceeded the permanent disability award on which SAIF had completed installments. The practical effect of this unilateral redesignation of the previously-made payments was to void the determination order awarding permanent disability, presumably to have the extent of permanent disability redetermined when the aggravation claim is closed.

Claimant requested a hearing on SAIF's failure to pay the full amount of temporary disability. The referee concluded that SAIF had properly paid the

temporary disability as ordered. The Board affirmed, with one member dissenting.[1] We reverse.

In *Wingfield v. National Biscuit Co.*, 8 Or App 408, 412, 494 P2d 905 (1972), we held that a carrier was not relieved of its obligation to pay temporary total disability merely because it had previously made a lump sum payment for permanent partial disability which would have covered the same period if it had been paid in installments. In *Horn v. Timber Products, Inc.*, 12 Or App 365, 369-70, 507 P2d 36 (1973), we applied the same rule without explanation where the permanent partial disability award had been paid in installments. We held that a carrier had no authority to take a setoff like the one SAIF took in the present case, at least without prior authorization from the Board. SAIF ignores *Horn* and *Wingfield* in its brief. This case is indistinguishable from *Horn*, and, for the reasons which follow, we reaffirm that decision.

■ Compensation for permanent partial disability and temporary total disability serve different purposes. An award for permanent partial disability is a fixed sum, payable in whole or installments, which compensates claimant for the work-related injury and resulting disability. It is payable regardless of whether claimant experiences actual temporary disability or loss of income. *See* ORS 656.214. Temporary total disability is compensation for loss of income until claimant's condition becomes stationary in order to enable a claimant to support self and family during that period. The rate of payment for temporary total disability is calculated on the basis of claimant's wages at the time of the injury, ORS 656.210, and the total amount depends on the length of time claimant's condition is unstable. ORS 656.268(1).

■ Because each form of compensation has a different statutory origin and a different purpose, we see no reason why the payment of one should excuse or defer

---

[1] The dissent correctly found this case to be controlled by our decision in *Horn v. Timber Products, Inc.*, 12 Or App 365, 507 P2d 36 (1973).

the payment of the other. Payment of one is not a setoff for the other, ORS 656.216(2). No statute prohibits receipt of temporary total and permanent partial disability payments during the same period of time. No statute suggests that an aggravation claim automatically voids a previous determination order as premature. No statute authorizes a carrier to set off one type of compensation against the other, as SAIF did here. Because temporary total disability must be paid, because permanent disability must be paid sooner or later,[2] and because the two types of compensation serve different purposes, there is nothing inequitable in requiring a carrier to make both types of payments concurrently.

■ Because SAIF's unauthorized bookkeeping entries did not effect a conversion of the permanent disability payments to temporary disability, the permanent disability award has been paid in full but temporary total disability for the period for which SAIF purported to pay temporary disability by making its bookkeeping conversion, June 18, 1976 to November 8, 1977, has not. The order of the Workers' Compensation Board is reversed and remanded for entry of an order requiring payment of the full amount of temporary total disability for the period beginning June 18, 1976, until closure of the claim, with credit for $524.19 which SAIF paid on November 8, 1977, and for other amounts paid since then. On remand, the Board should also assess a reasonable attorney fee for SAIF's unreasonable resistance to making the temporary total disability payments, ORS 656.382(1), and a 25 percent penalty on all compensation owed but not paid to claimant since the last order in which such penalties were assessed. ORS 656.262(8).

Reversed and remanded.

---

[2] SAIF is not attempting to have the award reduced.