Argued and submitted February 23, reversed and remanded April 13, 1983

In the Matter of the Compensation of
Donald Milbradt, Claimant.

MILBRADT,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(81-05138; CA A25293)

661 P2d 584

Michael N. Gutzler, Salem, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

Rossman, J., dissenting.

## BUTTLER, P. J.

Claimant appeals from an order of the Workers' Compensation Board affirming SAIF's denial of payment for continued chiropractic care for claimant's back. We reverse.

Claimant suffered a compensable injury in 1976. He experienced chronic pain, and, on the advice of his doctor, he quit his job as a plumber to avoid heavy lifting and became a truck driver. In November, 1980, he was awarded 64 degrees for unscheduled disability; by stipulation, the award was increased by an additional 24 degrees on January 6, 1981.

Although claimant's condition had remained static, he had continued to experience pain, for which he received chiropractic treatments. In May, 1981, SAIF denied responsibility for any further chiropractic treatment. The denial was affirmed by the referee and by the Board, because there was no medical evidence that continued chiropractic treatments were reasonable and necessary.

Both parties rely on *Wetzel v. Goodwin Brothers,* 50 Or App 101, 622 P2d 750 (1981), in which we stated:

> "* * * Medical expenses for purely palliative purposes are recoverable where they are necessarily and reasonably incurred in the treatment of an injury for which permanent partial disability has been awarded. * * *" 50 Or App at 108.

In *Wetzel,* the claimant testified that chiropractic treatments temporarily alleviated his pain and made it possible for him to function. Claimant so testified here. He stated that each time he received the treatment he felt better for a few days and was able to continue full-time work. He also testified that he stopped the treatments when SAIF refused to pay for them, that his symptoms have worsened since then and that he had developed leg cramps and twitching in his toes, symptoms he did not have while he was receiving treatment. He testified that the treatments were helping him to an "increased extent" during the time he received them.

The only difference between this case and *Wetzel* is that the chiropractor in *Wetzel* actually testified that the treatments were necessary and reasonably performed. In

both cases the treatment was palliative, not curative. Here, the doctor did not state that the treatments were reasonable and necessary; however, he reported that he had instructed claimant to come in for them on an "as needed basis" and that he relied on claimant's statements to him that the treatments "help him get by" on the job. The doctor also said that claimant "should be sent to the Portland Pain Clinic if you are not going to allow him to come to my office on an as needed basis." We conclude that the doctor's statements, together with claimant's testimony, are sufficient to support a finding that the treatments are reasonable and necessary to relieve claimant's pain and permit him to work full-time.

Reversed and remanded.

**ROSSMAN, J.,** dissenting.

On the basis of claimant's testimony that he feels better when he receives chiropractic treatments and worse when he does not and the chiropractor's testimony that he had instructed claimant to come in for the treatments and his suggestion that claimant be sent to a pain clinic if not to him, the majority holds that there is enough evidence to sustain a finding that the treatments are reasonable and necessary. I do not agree.

It is probable that all of us would feel better after a weekly rubdown; however, more than a showing of beneficial results are required to sustain a workers' compensation claim for such expenses and more than that is required here. The medical costs of palliative procedures are recoverable when they are "necessary and reasonably incurred." *Wetzel v. Goodwin Brothers,* 50 Or App 101, 108, 622 P2d 750 (1981). That a particular treatment "works" does not, without more, establish that it is reasonable and necessary. Thus, it is surprising that the majority notes, but apparently attributes no significance to the fact that "the only difference between this case and *Wetzel* is that the chiropractor in *Wetzel* testified that the treatments were necessary and reasonably performed." On this record, that distinction is crucial. Although I am by no means a stickler for the presence of "magic words," I believe that the *Wetzel* requirement must have some content, and I am convinced that the majority's holding leaves it with none. The order of the Workers' Compensation Board should be affirmed.