On respondent's reconsideration filed January 6, reconsideration allowed;
former opinion filed November 23, 1983 (65 Or App 659, 672 P2d 1343)
adhered to as modified, reconsideration denied April 27,
petition for review denied May 22, 1984 (297 Or 227)

# KEMP,
*Petitioner,*

*v.*

# WORKERS' COMPENSATION DEPARTMENT,
*Respondent.*

(5-1982; CA A24274)

677 P2d 725

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and William F. Nessly, Jr., Assistant Attorney General, Salem, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

The Workers' Compensation Department (department) has petitioned this court to reconsider our decision in which we found that three department rules were valid and three rules were invalid. 65 Or App 659, 672 P2d 1343 (1983). We grant reconsideration to consider the effect of OAR 436-69-701(3), a rule that was not cited by either party in any of the arguments which have previously been made to this court.

As we noted in our original opinion, ORS 183.400(1) limits review in this court to consideration of the rule, the applicable statutes, the constitutions and the documents evidencing compliance with the APA. Under a strict application of the statute, we could not consider the effect of other rules which were not directly challenged, even those which were adopted at the same time and were meant primarily as supplements or amendments to the challenged rules. A more reasonable construction, however, is to construe the statute in conjunction with ORS 183.360(4) ("Courts shall take judicial notice of rules and executive orders filed with the Secretary of State") and consider the effect of all rules brought to the attention of this court that might affect the validity of the challenged rule.[1] We therefore will consider the effect of OAR 436-69-701(3) on the validity of OAR 436-69-501, which we have previously held to be invalid.

In our previous opinion we noted that, although OAR 436-59-501 deals primarily with the withholding of payment to a doctor for his failure to abide by an administrative rule, "[t]here is nothing in the rule which indicates that a claimant would not be held to be responsible for those medical bills if they are refused by the department due to the failure of the physician to follow the requirements of the rule." The department now points out that OAR 436-69-701(3) specifically provides that a physician cannot directly charge a worker for the treatment of a compensable illness or injury and, therefore, argues that a worker cannot be indirectly penalized for

---

[1] Judicial notice of administrative rules has in fact previously been taken in cases involving a direct challenge of a rule pursuant to ORS 183.400. *See, e.g., Planned Parenthood Assn v. Dept. of Human Res.,* 63 Or App 41, 663 P2d 1247, *rev allowed* 295 Or 541 (1983).

his physician's failure to comply with the rules. The actual wording of the rule is as follows:

> "In all cases of accepted compensable injury or illness under jurisdiction of the Workers' Compensation Law, the injured worker is not liable for payment for any services for the treatment of that injury or illness. The vendor of medical services may charge the patient directly only for the treatment of conditions that are unrelated to the accepted compensable injury or illness."

We agree with the department's conclusion that, under this rule, the difficulty that we saw with OAR 436-69-501 of a claimant potentially being held liable for medical bills because his physician violated the rules is nonexistent.

A second problem with the rule, which was implied in our opinion, is that it imposes a direct penalty against physicians which we held was not within the statutory authorization. On further review of ORS 656.254(2) and 656.252, we have determined that the department is authorized to impose a penalty of forfeiture of fees on a physician for noncompliance with medical reporting requirements. We therefore reverse that portion of our earlier opinion and hold that OAR 436-69-501 is valid.

Petition for reconsideration allowed; former opinion adhered to as modified.