Argued and submitted July 6, reversed in part, remanded with instructions
October 10, 1984

In the Matter of the Compensation
of Margaret L. Gray, Claimant.

GRAY,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(WCB No. 82-10199; CA A30538)

689 P2d 345

Kenneth D. Peterson, Jr., Hermiston, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Rossman, Judge.

ROSSMAN, J.

**ROSSMAN, J.**

Claimant petitions for review of an order of the Workers' Compensation Board, which failed to award claimant insurer-paid attorney fees for unreasonable refusal to pay time loss benefits. We reverse on that issue and otherwise affirm.[1]

■ Claimant incurred a compensable injury to her back in August, 1981, while driving a front-end loader on rough roads. Because her employer immediately put her to work in a modified job, claimant initially missed no time from work as a result of her back problems. She was laid off on the last work day in November, 1981. Her treating physician has never released her to return to her former job as a heavy equipment operator and did not declare her medically stationary until May 18, 1982. As noted by the referee and the Board, claimant therefore was entitled to temporary disability compensation from the date that she was laid off until the date on which she was declared medically stationary.[2] Neither the employer nor SAIF offer any explanation for their failure to fulfill the requirement to begin temporary disability compensation within 14 days after claimant was laid off and to continue such payments until she was declared medically stationary. ORS 656.262(4), 656.268(2). Because no explanation was given, the referee correctly found that the failure constituted unreasonable resistance to compensation, for which a penalty must be assessed. ORS 656.262(10). The referee, however, failed to award insurer-paid attorney fees, although ORS 656.262(10) specifically authorizes them subject to ORS 656.382. The Board, in reviewing this issue, held that claimant was not entitled to attorney fees, because it had reduced the temporary total disability to temporary partial disability and, therefore, claimant could not be held to have prevailed on the appeal to the Board.

■ The Board has misconstrued the issue. Although it is true that a claimant must be held to be the prevailing party on

---

[1] Claimant also appeals on the issue of extent of permanent partial disability. Our affirmance on this issue requires no discussion.

[2] Although the referee awarded claimant temporary total disability compensation, claimant appears to concur in the Board's reduction of this benefit to temporary partial disability.

the appeal in order to be awarded attorney fees under ORS 656.382(2), and the Board's reasoning might be valid if claimant were seeking recovery under that statute, that is not true of ORS 656.382(1).[3] Under the latter statute, a claimant must only establish that the insurer unreasonably resisted payment of compensation.[4] We therefore hold that claimant is entitled to insurer-paid attorney fees for the attorney's efforts before both the referee and the Board in obtaining claimant temporary partial disability. ORS 656.382(1).

Reversed in part and remanded for determination of attorney fees award; otherwise affirmed.

---

[3] ORS 656.382(1) and (2) provide:

"(1) If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney's fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees.

"(2) If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

The reference in subsection (1) to subsection (2) refers to the manner in which the fees are to be paid and does not incorporate the additional requirements contained in subsection (2). *Williams v. SAIF,* 31 Or App 1301, 1306 n 1, 572 P2d 658 (1977); *Wingfield v. National Biscuit Co.,* 8 Or App 408, 413, 494 P2d 905 (1972).

[4] Although there is discretion in determining the factual issue of whether an employer has in fact unreasonably resisted compensation, the statute gives no discretion as to whether attorney fees may be awarded when such a finding is made. If the employer has unreasonably resisted the payment of compensation, attorney fees must be awarded.