Argued and submitted October 10, affirmed December 19, 1984

In the Matter of the Compensation
of Cletis H. Belcher, Claimant.

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Petitioner,*

· *v.*

## BELCHER,
*Respondent.*

(82-10033; CA A31076)

692 P2d 711

Donna Parton Garaventa, Assistant Attorney General, Salem, argued the cause for petitioner. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Michael N. Gutzler, Salem, argued the cause for respondent. With him on the brief was Allen & Vick, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

In this workers' compensation case, SAIF petitions for review of an order of the Board which found that the hearings division had jurisdiction under ORS 656.283(1) and ORS 656.704(3) to resolve a dispute concerning the frequency of claimant's chiropractic treatments. We affirm.

The parties stipulated:

"Since the October 2, 1980, injury claimant has received conservative treatment for his low back, including chiropractic treatment from Dr. J. Kent Llewellyn. His low back condition continues to be compensably related to the October, 1980, injury and he continues to be entitled to post-claim closure medical services pursuant to ORS 656.245."

SAIF paid Dr. Llewellyn on the basis of four visits per month but refused to pay for more frequent visits which occurred between October, 1982, and March, 1983.[1] Claimant requested a hearing pursuant to ORS 656.283(1). The referee determined that the hearings division had jurisdiction to consider the issue and held that the treatments were reasonable and necessary. The Board affirmed.

SAIF argues that jurisdiction to resolve disputes concerning frequency of medical treatment rests exclusively in the medical director of the Workers' Compensation Department under OAR 436-69-201, pursuant to the authority granted by ORS 656.252. In addition, SAIF contends that claimant is not a party to such a dispute, because claimant is not personally liable for treatment which is determined to be unnecessary or inappropriate. OAR 436-69-701(3).

ORS 656.245 requires an insurer to provide "medical services for conditions resulting from the injury for such

---

[1] OAR 436-69-201(2)(a) provides:

"Frequency and extent of treatment shall not be more than the nature of the injury and the process of a recovery requires * * *. The usual range of the utilization of medical services does not exceed 24 office visits by any and all attending physicians in the first 60 days from the first day of treatment, and 4 visits a month thereafter. * * *"

The record establishes that claimant had 8 office visits between August 13 and 30, 1982; 13 office visits in September; 13 visits in October; 11 visits in November; 10 visits in December; 8 visits in January; 8 visits in February; and 8 visits in March.

period as the nature of the injury or the process of the recovery requires." OAR 436-69-201(1)(a) provides in part:

"The insurer will not pay for care unrelated to the compensable injury. Services which are unnecessary or inappropriate according to accepted professional standards are not reimburseable."

The administrative rules provide for the resolution of disputes between the insurer and the medical service provider concerning the necessity and appropriateness of medical services. OAR 436-69-201, OAR 436-69-901.

The Board relied on *Lloyd C. Dykstra,* 36 Van Natta 26 (1984), in determining that the hearings division had jurisdiction to determine the dispute concerning frequency of medical treatment. In *Dykstra,* the Board reasoned that jurisdiction is independent of the procedures provided by the administrative rules. Subject to timeliness requirements, any party or the director of the Workers' Compensation Department may request a hearing "on any question concerning a claim." ORS 656.283(1). Matters concerning a claim are "those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue." ORS 656.704(3). The Board reasoned that chiropractic treatments are a form of compensation to which claimant is entitled if he establishes that the treatments are related to his injury and that they are reasonable and necessary for treatment of the condition resulting therefrom. ORS 656.005(9); 656.245(1); *Milbradt v. SAIF,* 62 Or App 530, 661 P2d 584 (1983); *Wetzel v. Goodwin Brothers,* 50 Or App 101, 622 P2d 750 (1981). The issue is whether the treatment being provided is reasonable and necessary. That is a question concerning a claim, because it concerns the amount of compensation that a claimant is entitled to receive as a result of the compensable injury.

We agree with the Board's reasoning in *Dykstra.* The administrative procedures outlined in OAR ch 436 are permissive, not mandatory. Claimant has a right to request a hearing pursuant to ORS 656.283(1), independently of the insurer's right or the medical service provider's right to invoke the applicable administrative procedures.

Affirmed.