Argued and submitted March 1, reversed and remanded July 10, 1985

In the Matter of the Compensation of
Frederick G. West, Claimant.

WEST,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(83-01504; CA A32903)

702 P2d 1148

Howard R. Nielsen, Salem, argued the cause for petitioner. With him on the brief were Gary Allen, and Allen and Vick, Salem.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant petitions for judicial review of a Workers' Compensation Board order that affirmed a referee's order upholding SAIF's refusal to pay some of claimant's medical expenses. The issues are whether all of claimant's chiropractic treatments were reasonable and necessary and whether SAIF must pay a consulting physician for his examination of claimant. On *de novo* review, we reverse and remand.

Claimant compensably injured his back in 1979. He saw Dr. Kelley, a chiropractor, who reported that chiropractic care would enable claimant to continue working and that he would come in for a treatment whenever he felt it was necessary. Claimant was examined by Orthopaedic Consultants which prescribed an exercise regimen. He attempted to exercise but he stopped on Kelley's advice, because the exercise was exacerbating his back pain. He was examined by other physicians, who recommended that he lose weight to reduce the pressure on his spine. He lost about 50 pounds. In 1980, he was awarded 20 percent unscheduled permanent partial disability.

In February, 1983, SAIF notified Kelley that it would not pay for more than four treatments per month. In April, 1983, Kelley told SAIF that he was referring claimant to Dr. Moore for consultation on April 29. SAIF responded that it had not received Kelley's referral notice until April 29 and that it would not pay for the consultation, because it had not been "appropriately notified."

Claimant testified at his hearing that he was almost continuously in pain and that chiropractic treatments enabled him to work. The referee found that the treatments were related to claimant's industrial injury but that they were too frequent. The Board agreed.

Claimant argues that he is entitled to payment for more than the four monthly treatments permitted by OAR 436-69-201(2)(a) and that SAIF must pay Moore, because Kelley notified SAIF pursuant to OAR 436-69-101(8). SAIF argues that claimant is not entitled to treatments, because he has unreasonably failed to mitigate his injury by exercise and weight loss, *see Nelson v. EBI Companies,* 296 Or 246, 674 P2d

596 (1984), and that it need not pay for an examination which SAIF contends was conducted for purposes of litigation.

ORS 656.245 requires provision of medical services

"for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability."

At the time of the hearing, OAR 436-69-201(2)(a) provided in relevant part:

"The usual range of the utilization of medical services does not exceed twenty-four office visits by any and all attending physicians in the first sixty days from the date of treatment, and four visits a month thereafter. This statement of fact does not constitute authority for an arbitrary limitation of services, but is a guideline to be used concerning requirements of accountability for the services being required."

We examined this rule in *Kemp v. Workers' Comp. Dept.,* 65 Or App 659, 672 P2d 1343 (1984), *modified on other grounds* 67 Or App 270, 677 P2d 725 (1984), and stated:

"We find nothing in this or any other statute that authorizes any limitations on the number of treatments that a claimant can receive. If this Administrative Rule actually permits a limitation of the treatment which a claimant can receive, it is not authorized by the statute."

We concluded that the rule was valid insofar as it only required submission of a report justifying more than four treatments a month. *Kemp v. Workers' Comp. Dept., supra,* 65 Or App at 663. However, to the extent that SAIF relied on the rule to deny payment for services here, such reliance was impermissible. ORS 656.245 mandates provision of medical services, regardless of frequency, so long as they are reasonable and necessary. In *Wetzel v. Goodwin Brothers,* 50 Or App 101, 108, 622 P2d 750 (1981), we held:

"Medical expenses for purely palliative purposes are recoverable where they are necessarily and reasonably incurred in the treatment of an injury for which permanent partial disability has been awarded."

■ SAIF does not argue that claimant does not need chiropractic treatments; it only objects to their frequency. Claimant testified that the treatments reduce his pain and

enable him to work; when he stopped the treatments, the pain became almost unbearable. He received treatments only when needed. *See Milbradt v. SAIF,* 62 Or App 530, 661 P2d 584 (1983). The record contains no evidence of functional overlay or that claimant is malingering. There is evidence that he has reasonably attempted the recommended exercise and weight-loss programs. *See Nelson v. EBI Companies, supra.* We conclude that claimant has established that his chiropractic treatments are reasonable and necessary to relieve him of severe pain and to permit him to work. *See Milbradt v. SAIF, supra,* 62 Or App at 533.

We conclude that the purpose of claimant's examination by Moore was to aid Kelley in treating claimant's disability. The record does not support SAIF's argument that the consultation was solely for the purpose of litigation. Kelley's notice to SAIF complied with the applicable administrative rule. SAIF must pay for Moore's examination. ORS 656.245.

Reversed and remanded for payment of medical expenses.