In the Matter of the Compensation of
Charles S. Haynes, Claimant.

HAYNES,
*Petitioner,*

*v.*

WEYERHAEUSER CO.,
*Respondent.*

(81-09765; CA A33306)

706 P2d 567

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Evohl F. Malagon, and Malagon & Associates, Eugene.

J. P. Graff, Portland, argued the cause for respondent. With him on the brief were Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

The issue in this workers' compensation case is whether, in light of the provisions of ORS 656.283(1), the Workers' Compensation Board has jurisdiction to review a dispute between claimant and his self-insured employer over the appropriate amount of payment of a doctor's fee for services in connection with an accepted claim. The Board affirmed the referee's determination that jurisdiction over such disputes is vested in the Director of the Workers' Compensation Department. We agree and affirm.

The present dispute arose when employer refused to pay that portion of the medical fees that exceeded the administrative guidelines.[1]

Subject to timeliness requirements, any party or the Director of the Workers' Compensation Department may request a hearing "on any question concerning a claim." ORS 656.283(1). Claimant submits that the question of whether his doctor is entitled to payment for medical services in the amount billed is a question concerning a claim, because nonpayment would entitle the doctor to deny treatment, which in turn would jeopardize claimant's rights to receive treatment from the medical provider of his choice.

ORS 656.704(3) provides:

"For the purpose of determining the respective authority of the director and the board to conduct hearings, * * *

---

[1] *At the time of claimant's injury* in 1980, OAR 436-69-420(7) provided in pertinent part:

"If an insurer believes a fee may be in excess of the usual, customary, and reasonable standard, he may request an opinion of the Medical Director * * *. If the fee is judged to exceed the standard, a request shall be made that it be reduced. If it is not voluntarily reduced, the Director may order it reduced, in accordance with ORS 656.248(2)."

OAR 436-69-701(4), in effect after March 1982, provided:

"(4) The insurer may not pay any more than the vendor's usual fee to the general public and under ORS 656.248, shall in no case pay more than the 90th percentile of usual and customary fees." (Now renumbered OAR 436-10-090(5).)

Claimant argues that employer, in refusing to pay the amount of the medical bill exceeding the 90th percentile, failed to apply the administrative guideline in effect at the time of the injury. Because we determine that this is a medical fee dispute and that the Board correctly determined that it was without jurisdiction, we do not consider the argument.

matters concerning a claim under ORS 656.001 to 656.794 are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue. *However, such matters do not include any proceeding under ORS 656.248 or any proceeding resulting therefrom.*" (Emphasis supplied.)

Pursuant to ORS 656.704, the Board's authority to conduct hearings is limited to "matters concerning a claim," which does not include proceedings that arise under ORS 656.248, which gives the Director the authority to promulgate administrative rules for medical fee schedules. The administrative rules provide a framework for resolution by the Director of medical fee disputes. We conclude that, pursuant to ORS 656.704(3), a dispute concerning the *amount* of the fee to which the medical service provider is entitled for providing medical services to compensably injured workers is excluded by the terms of the statute from the jurisdiction of the Hearings Division.

Claimant cites *SAIF v. Belcher,* 71 Or App 502, 692 P2d 711 (1984), as authority for his position that *claimant's* interest in the medical fee dispute brings the dispute within the Hearings Division's jurisdiction. In *Belcher,* we adopted the Board's reasoning in *Lloyd C. Dykstra,* 36 Van Natta 26 (1984), in determining that the Hearings Division has jurisdiction to determine a dispute concerning the *frequency* of medical treatment. We held that a claimant has the right to request a hearing pursuant to ORS 656.283(1), despite the Director's jurisdiction to resolve disputes between the insurer and the medical service provider concerning the frequency of medical treatment. The Board noted in *Dykstra:*

> "[O]ur holding does not apply to disputes which clearly arise under ORS 656.248, where the issue is whether a medical vendor is charging the usual and customary medical service *fee* * * *. Medical fee disputes, when they can be clearly identified as such, arise under ORS 656.248 and the applicable administrative rules and are solely within the province of the Director of the Workers' Compensation Department. ORS 656.704(3)." 36 Van Natta at 33 (emphasis in the original).

We still agree with the reasoning in *Dykstra* and hold that the Hearings Division and the Board lacked jurisdiction to consider the dispute over medical fees.

Affirmed.