Argued and submitted May 14, affirmed September 3, 1986

In the Matter of the Compensation of
Sharon L. James, Claimant.

JAMES,
*Petitioner,*

*v.*

KEMPER INSURANCE COMPANY et al,
*Respondents.*

(WCB 83-07472, 83-08033; CA A36959)

724 P2d 856

Steven C. Yates, Eugene, argued the cause and filed the brief for petitioner.

Noreen K. Saltveit, Portland, argued the cause for respondents. With her on the brief was N. K. Saltveit & Associates, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant petitions for judicial review of a Workers' Compensation Board order that affirmed a referee's order upholding the insurer's denial of payment for chiropractic services in excess of those provided for by OAR 436-69-201(2)(a).[1] On *de novo* review, ORS 656.298, we affirm.

In July, 1982, claimant was injured while employed by General Foods. She was treated by Dr. Buttler, a chiropractor. In March, 1983, a determination order found that she was medically stationary and awarded her temporary total disability. Nevertheless, her physician felt that she would benefit from ongoing chiropractic treatment.

In June, 1983, claimant began working for J. M. Smucker, which was insured by Kemper. She had more problems. Buttler thought that her work had exacerbated her previous condition. In October, she was examined by Dr. Fry at the request of Smucker's insurer. He thought that chiropractic treatment was only palliative. Dr. Pasquesi, an orthopedic surgeon, also examined her. He thought that she had a permanent impairment and needed chiropractic treatment, although he agreed that it was palliative. Two chiropractors also examined claimant. They thought that chiropractic treatment was only palliative and unnecessary.

In December, 1983, a determination order awarded claimant 10 percent unscheduled permanent partial disability. Kemper was ordered to pay the claim. After claimant began working for a different employer, Buttler increased the frequency of her chiropractic treatments. Kemper denied responsibility for treatments in excess of the guideline set out in OAR 436-69-201(2)(a), claiming that additional treatments were unnecessary and, therefore, unreasonable.

---

[1] OAR 436-69-201(2)(a) provides:

"Frequency and extent of treatment shall not be more than the nature of the injury and the process of a recovery requires. Insurers have the right to require evidence of the efficacy of treatment. The usual range of the utilization of medical services does not exceed 15 office visits by any and all attending physicians in the first 60 days from first date of treatment, and 2 visits a month thereafter. This statement of fact does not constitute authority for an arbitrary limitation of services, but is a guideline to be used concerning requirements of accountability for the services being provided. Physicians requesting reimbursement for visits in excess of this amount must submit upon request a report documenting the need for such services."

In December, 1984, a referee issued an opinion and order which stated, in part:

> "With respect to the unreasonable treatment issue, I find that I place more credence on the opinions of both of the medical doctors, and two of the chiropractic physicians, that the continued chiropractic treatment of this claimant is unreasonable in its scope, and that the carrier should be responsible only for such continued palliative treatment as may be given in accordance with the guidelines set forth in the Oregon Administrative Rules (OAR 436-69-201(2)(a))."

Claimant requested reconsideration and clarification as to the applicable guideline, pointing out that the guideline in effect at the time of her injury provided for four treatments monthly. That guideline was amended in 1984 to provide for only two treatments monthly. The referee declined to reconsider and stated that he had evaluated the case under the administrative rule as effective in 1984. Claimant appealed to the Board for review, but did not file a brief. The Board affirmed, stating:

> "On the issue of the frequency of chiropractic treatments, in the absence of an indication as to what error the referee may have committed, we have searched the record and have found none."

The workers' compensation statutes do not authorize any limitation on the number of treatments a claimant may receive, and OAR 436-69-201(2) does not create a limit. *Kemp v. Worker's Comp. Dept.,* 65 Or App 659, 663, 672 P2d 1343 (1983), *modified on other grounds,* 67 Or App 270, 677 P2d 725, *rev den* 297 Or 227 (1984). ORS 656.245[2] "mandates provision of medical services, regardless of frequency, so long as they are reasonable and necessary." *West v. SAIF,* 74 Or App 317, 321, 702 P2d 1148 (1985). Claimant argues that the referee and the Board could not consider frequency in determining what is

---

[2] ORS 656.245(1) provides:

> "For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services. The duty to provide such medical services continues for the life of the worker."

reasonable and necessary. She argues further that, because the referee and Board did not find chiropractic treatment to be unreasonable and unnecessary, the determination of the frequency of the treatments should be left to the treating physician. We disagree.

Palliative medical expenses are compensable only to the extent that they are reasonable and necessary. *Wetzel v. Goodwin Brothers,* 50 Or App 101, 108, 622 P2d 750 (1981). In determining what is reasonable and necessary, the insurer, the referee and the Board may consider the frequency of the treatments. Simply because the Board determines that it is reasonable and necessary for an injured worker to receive some chiropractic treatments does not mean that she may expect to be compensated for any number of treatments without showing that the treatments are reasonable and necessary.

Claimant has the burden of proving that the treatments are reasonable and necessary. *McGarry v. SAIF,* 24 Or App 883, 547 P2d 654 (1976). The referee concluded that she did not present sufficient evidence to show that treatments in excess of the guideline were reasonable and necessary. Although a referee may not arbitrarily limit the number of treatments to two, the number stated in the guidelines, *see West v. SAIF, supra,* the number of treatments may be limited to what is shown to be reasonable and necessary. We conclude that claimant has not met her burden of proving that more than two treatments monthly are reasonable and necessary.[3]

Affirmed.

_____

[3] Because we conclude that the issue in this case is the reasonableness and necessity of the treatments, and because we have previously held that OAR 436-69-201(2)(a) does not establish a substantive rule, but merely a guideline, it is unnecessary to address the question whether the present guideline, allowing for two treatments monthly, or the former guideline, allowing for four treatments monthly, is applicable.