Argued and submitted November 27, 1989, reversed and remanded on the issue of frequency of chiropractic treatments; otherwise affirmed March 28, reconsideration denied June 6, petition for review denied July 10, 1990 (310 Or 195)

In the Matter of the Compensation of
Sammy D. Murphy, Claimant.

FRERES LUMBER COMPANY, INC.,
*Petitioner,*

*v.*

MURPHY,
*Respondent.*

(WCB 85-14939; CA A60369)

789 P2d 674

Jerry K. Brown, McMinnville, argued the cause for petitioner. With him on the brief was Cummins, Brown, Goodman, Fish & Peterson, McMinnville.

David C. Force, Eugene, argued the cause for respondent. On the brief were Kathryn M. Ricciardelli, Randy M. Elmer, and Vick & Gutzler, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

## RIGGS, J.

Employer seeks review in this workers' compensation case. We review for substantial evidence and errors of law, ORS 656.298(6), affirm in part, reverse in part and remand.

Claimant injured his lower back at work on October 5, 1984, when he tripped and fell on a broom. He received weekly chiropractic treatments. On October 25, 1985, the Evaluation Division issued a determination order that awarded claimant temporary total disability only and found him to be medically stationary as of October 2, 1985. In December, 1985, he filed a request for hearing in which he indicated the issues would be temporary total disability and unscheduled permanent partial disability.

Claimant continued to submit weekly chiropractic bills to employer after the issuance of the determination order. Employer did not pay them. On March 7, 1986, employer sent claimant a letter that denied claims for all chiropractic treatments after the date that claimant was declared medically stationary, because it believed that he had fully recovered.

Claimant amended his original request for hearing, adding "medical services ORS 656.245" to the issues to be decided. Employer filed a response in which it "[d]enie[d] * * * [t]he allegations contained in Claimant's Request for Hearing and all other issues raised or raisable."

At the October, 1986, hearing, the referee received evidence on the extent of unscheduled permanent partial disability for claimant's lower back and on employer's denial of chiropractic treatments. She awarded 10 percent unscheduled permanent partial disability. With respect to the medical services issue, she set aside employer's denial in part. She found that two chiropractic treatments per month, after the date claimant became medically stationary, were reasonable and necessary, but that treatment in excess of that frequency was not.

The Board affirmed the award of permanent partial disability,[1] but reversed the referee on the medical services issue, stating in its order on review:

---

[1] We affirm the award of permanent partial disability without discussion.

> "[T]he Referee erred in addressing the 'frequency of treatment' issue. The employer's denial was for all further [chiropractic] treatment, not treatment in excess of the guidelines. Furthermore, neither party raised the specific issue of frequency of treatment at hearing. Therefore, we conclude that the Referee's frequency limitation was procedurally improper."

The Board set aside employer's denial in its entirety.

Employer argues that the Board erred as a matter of law when it concluded that neither party had raised the issue of the *frequency* of claimant's chiropractic treatments at the hearing. We agree.

■■ Medical expenses for purely palliative purposes are recoverable if they are necessarily and reasonably incurred in the treatment of an injury for which permanent partial disability has been awarded. ORS 656.245(1); *Wetzel v. Goodwin Brothers,* 50 Or App 101, 108, 622 P2d 750 (1981). However, in *James v. Kemper Ins. Co.,* 81 Or App 80, 84, 724 P2d 856 (1986), we stated:

> "Simply because the Board determines that it is reasonable and necessary for an injured worker to receive *some* chiropractic treatments does not mean that she may expect to be compensated *for any number* of treatments *without showing that the treatments are reasonable and necessary.*" (Emphasis supplied.)

In *West v. SAIF,* 74 Or App 317, 320-21, 702 P2d 1148 (1985), we concluded that the claimant had met his burden by showing the need both for chiropractic treatments *and* the frequency with which he received them. A claimant bears the burden of proof, not only as to the reasonableness and necessity of the *type* of medical treatment, but also as to the *frequency* of treatment, if treatment is repetitive. In such cases, frequency is merely one aspect of the determination of whether medical treatment is reasonable and necessary.

■ Claimant and employer indicated the issues to be raised in the hearing on forms created by the Board. The forms serve the same function as pleadings in civil litigation. After employer denied claims for chiropractic treatments, claimant filed a supplemental request for hearing, adding the issue of "medical services ORS 656.245." In its response, employer denied "[t]he allegations [in claimant's original and

supplemental requests for hearing] * * * *and all other issues raised or raisable.*" (Emphasis supplied.) It was logical for the referee to conclude from that statement that employer had denied both elements of the medical services issue, type and frequency.

The Board cited no statute or administrative rule that requires a party to raise frequency as a "specific" issue; claimant has cited none. Moreover, the Board did not indicate what employer should have done, beyond what it did, to raise the question of frequency. Nothing in the record suggests that employer conceded the frequency issue at the hearing or that claimant was surprised or prejudiced in any way.

■      Claimant argues that the absence of requests, reports and notification contemplated by *former* OAR 436-10-040(2)(a)[2] permitted an assumption that the chiropractic treatments were justified. That assumption, in claimant's view, gave rise to another assumption that frequency was not at issue at the hearing. For the reasons discussed above, we believe that employer's general denial of claimant's claim for medical services in its response to the supplemental request for hearing eliminated any "assumption" about justification of medical treatment to which *former* OAR 436-10-040(2)(a) may have given rise. *See Kemp v. Workers' Comp. Dept.,* 65 Or App 659, 670, 672 P2d 1343 (1983), *modified* 67 Or App 270, 677 P2d 725, *rev den* 297 Or 227 (1984).

The Board did not consider how many treatments were proper because of its erroneous conclusion that the question was not properly before the referee. Consequently, we remand to the Board so that it may review that aspect of the referee's decision.

---

[2] *Former* OAR 436-10-040(2)(a) provided:

"Frequency and extent of treatment shall not be more than the nature of the injury and the process of recovery requires. Insurers have the right to require evidence of the efficacy of treatment. The usual range of the utilization of medical services does not exceed 15 office visits by any and all attending physicians in the first 60 days from the first date of treatment, and two visits a month thereafter. This statement of fact does not constitute authority for an arbitrary limitation of services, but is a guideline to be used concerning requirements of accountability for the services being provided. Physicians requesting reimbursement for visits in excess of this amount must submit upon request a report documenting the need for such services. Insurer shall notify the physician within 30 days of receipt of the report whether or not the report justifies treatment in excess of the guidelines or justification will be assumed."

Reversed and remanded on the issue of frequency of chiropractic treatments; otherwise affirmed.