In the Matter of the Compensation of
Ralph Johnson, Claimant.

## V. W. JOHNSON & SONS
and Wausau Insurance Company,
*Petitioners,*

*v.*

Ralph JOHNSON,
*Respondent.*

(87-01078; CA A62247)

797 P2d 396

David O. Horne, Beaverton, argued the cause and filed the brief for petitioners.

John Paul Graff, Portland, argued the cause for respondent. With him on the brief was Graff & O'Neil, Portland.

Before Graber, Presiding Judge pro tempore, and Joseph, Chief Judge, and Edmonds, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Employer petitions for review of a Workers' Compensation Board order that denied it the right to offset against claimant's permanent total disability (PTD) benefits the amount that it had previously paid claimant on a permanent partial disability award. We reverse.

In October, 1987, the referee found that claimant was permanently and totally disabled as of the date of the hearing. Employer appealed to the Board, and claimant filed a cross-appeal, contending that the award should have been retroactive. In its brief to the Board, employer argued that, in the event that the Board awarded PTD retroactively, it should be allowed an offset for any benefits that it had already paid on the claim. The Board found claimant permanently and totally disabled as of August 19, 1986, but denied employer's request for an offset on the basis of a purported waiver.

■ ■ Employer first argues that the Board did not have "jurisdiction" to consider claimant's cross-appeal, because he did not contend at the referee's hearing that the date of disability should be other than the date of the hearing. Therefore, employer argues, it did not have notice that that date was in issue. Claimant's request for a hearing put employer on notice that PTD was in issue. A claimant is entitled to benefits from the earliest date on which the disability is proved to have existed. *See Adams v. Edwards Heavy Equipment, Inc.,* 90 Or App 365, 752 P2d 340 (1988). Thus, the date of disability is necessarily one aspect of the issue of PTD, *see Freres Lumber Co., Inc. v. Murphy,* 101 Or App 92, 789 P2d 674, *rev den* 310 Or 195 (1990), and the Board properly considered it.

■ Employer next argues that the Board erred in holding that employer had waived the issue of offset, because it did not raise it at the referee's hearing. Claimant counters that, by holding that employer had waived the issue, the Board adhered to the policy of maintaining an orderly compensation process by requiring that the right to an offset be raised at the hearing. *See Spivey v. SAIF,* 79 Or App 568, 720 P2d 755 (1986); *Wilson v. SAIF,* 48 Or App 993, 618 P2d 473 (1980); *Horn v. Timber Products, Inc.,* 12 Or App 365, 507 P2d 36 (1973). Claimant argues that employer knew that PTD was an issue, could have foreseen the risk of an overpayment and took the gamble in the hope that the referee would not award PTD

or that claimant would not challenge the date of the award. As a result, employer failed to make a record on which the Board could have decided whether an overpayment existed or the amount of the overpayment.

Requiring a claim of offset to be raised or waived encourages parties to litigate all issues in a single hearing. *Wilson v. SAIF, supra,* 48 Or App at 998. However, the Supreme Court's recent opinion in *Drews v. EBI Companies,* 310 Or 134, 795 P2d 531 (1990), leads us to conclude that failure to raise an issue may not constitute a waiver in the workers' compensation context. In *Drews,* the court primarily discussed whether claim and issue preclusion apply in workers' compensation litigation. However, the court also addressed the issue of waiver. The referee's opinion there, which the Board adopted, had denied the claimant the right to raise the issue of the correct rate of payment on the ground that the claimant could have done so " 'in the prior * * * hearing and, since [claimant did] not, it was then waived.' " *Drews v. EBI Companies, supra,* 310 Or at 137. The court held that there had been no waiver, because the version of ORS 656.262(9) then in effect provided that accepting compensation did not constitute a waiver of the right to question the amount and because waiver must be the intentional relinquishment of a known right. *Drews v. EBI Companies, supra,* 310 Or at 150.

The same rationale applies here. ORS 656.268(10) creates a right to an offset.[1] In its brief to the Board, employer claimed that right in the event that the Board accepted claimant's position regarding the PTD date. Employer clearly never intended to relinquish its right. The Board erred in failing to remand to the referee for a determination of the offset issue. ORS 656.295(5).

Reversed and remanded for reconsideration.

---

[1] In the 1990 Special Session, the legislature renumbered this section ORS 656.268(13).