Argued March 21, affirmed July 2, 1979

KOSANKE, Claimant, *Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(No. CA 12784)

596 P2d 1013

J. David Kryger, Albany, argued the cause for petitioner. With him on the brief was Emmons, Kyle, Kropp & Kryger, Albany.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. On the brief were K.R. Maloney, Chief Counsel, James A. Blevins, Chief Trial Counsel, and Allen W. Lyons, Associate Counsel, State Accident Insurance Fund, Salem.

Before Schwab, Chief Judge, and Lee, Buttler, and Joseph, Judges.

LEE, J.

**LEE, J.**

In this Workers' Compensation proceeding, claimant contends that the Workers' Compensation Board (Board) erred (1) in denying his aggravation claim; (2) in finding that he is not entitled to temporary total disability from July 19, 1977, through October 18, 1977; and (3) in reducing the penalty to be assessed against the State Accident Insurance Fund (SAIF) for failing to accept or deny his claim within 60 days. We affirm.

Claimant sustained a compensable low back injury on May 19, 1973, while employed as a truck driver. His claim was closed in 1974 with an award of 50 percent for unscheduled disability. Later, his doctor made a diagnosis of:

> "Degenerative lumbosacral disc disease with possible rupture. Degenerative facet joints, arthritis."

The doctor then recommended a myelogram and prescribed a drug for claimant's arthritis.

The myelogram was performed in September, 1977, and appeared to reveal a small herniated disc at the L4-L5, L5-S1 levels. Claimant filed a claim for aggravation on October 18, 1977 (date of notice), accompanied by a letter from his doctor recommending surgery. Approximately one month later, in response to an inquiry from claimant's counsel, the doctor indicated that claimant was not able to return to his regular employment and that he had been unable to do so since July 19, 1977 (date of disability).

SAIF sent claimant to another doctor who concluded that the recommended surgery would probably result in no change in claimant's condition. Thereupon, claimant's doctor requested a second consulting opinion. Another doctor found no evidence of a herniated disc and concluded that aside from arthritis, claimant was medically stationary and did not require further medical treatment. Claimant's doctor then withdrew his recommendation for surgery. SAIF did

[19]

not deny the claim until February 10, 1978 (date of denial), which was some one hundred fifteen days after the notice of aggravation.

SAIF paid temporary total disability compensation (compensation) from the date of notice, until the date of denial.[1] Claimant demanded additional compensation from the date of disability to the date of notice. A hearing was held, the aggravation claim was denied, but the referee found that claimant was entitled to additional compensation from the date of disability to the date of notice. The referee also assessed a 20 percent penalty on the payments due from the date of notice to the date of denial.

SAIF appealed to the Board which affirmed the referee's denial of aggravation, but modified the referee's order by allowing compensation only from the date of notice. The Board also reduced the penalty against SAIF to 5 percent of the amount due from *December 17, 1977* (60 days after notice), to the date of denial.

■ The first issue, whether claimant suffered an aggravation of a previous compensable injury, is purely factual. We affirm the Board's denial of the claim of aggravation. *See Bowman v. Oregon Transfer Company,* 33 Or App 241, 576 P2d 27 (1978).

■ The second issue is whether the Board erred in finding claimant was not entitled to compensation from the date of disability to the date of notice. The statute governing interim compensation payments on aggravation claims states in pertinent part:

> "* * * [T]he first instalment of compensation * * * *shall be paid no later than the 14th day after* the subject employer has *notice* or knowledge of medically verified inability to work resulting from the worsened condition." ORS 656.273(6). (Emphasis supplied.)

---

[1] The record contains a document filed by SAIF indicating that temporary total disability compensation was paid only through February 6th, rather than 10th, 1978, but claimant does not raise any issue concerning this four day hiatus.

[20]

The latest date for commencing compensation payments, regardless of whether the claim is ultimately denied, is the 14th day after notice. *See Hewes v. SAIF*, 36 Or App 91, 94, 583 P2d 576 (1978).[2] Because the claim was ultimately denied, the Board was correct in denying compensation from July 19, 1977, to October 18, 1977.

■ Claimant's third contention is that the Board erred in reducing the penalty assessed by the referee against SAIF for failing to accept or deny the claim within 60 days following notice. Since, unlike *Jones v. Emanuel Hospital*, 280 Or 147, 152, 570 P2d 70 (1977), the interim compensation had been paid, there were no "amounts then due", as specified in ORS 656.262(8), on which to calculate a penalty.[3] It follows that there was no penalty due, but we do not change the Board's order because SAIF did not raise the issue on appeal.

Affirmed.

.

---

[2] In *Silsby v. SAIF*, 39 Or App 555, 561, 592 P2d 1074 (1979), compensation was ultimately held to be owing from the date of disability. However, the fact that compensation was due for the period of time between disability and notice in *Silsby* was due to the fact that the claim in that case was ultimately sustained. In the present case, by contrast, the aggravation claim was not allowed. Therefore, all claimant was entitled to under ORS 656.273(6) was payment from 14 days after notice.

[3] ORS 656.273(6) provides that aggravation claims shall be processed in accordance with the provisions of ORS 656.262 which provides in pertinent part:

"* * * * *

"(5) Written notice of acceptance or denial of the claim shall be furnished to the claimant * * * *within 60 days after* the employer has *notice* or knowledge of the claim. * * *

"* * * * *

"(8) If the fund or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the fund shall be liable for an additional amount *up to 25 percent* of the *amounts then due* plus any attorney fees which may be assessed under ORS 656.382." (Emphasis supplied.)