Argued and submitted June 12, 1985, remanded for entry of order, otherwise affirmed
June 4, 1986

In the Matter of the Compensation of
Fred C. Spivey, Claimant.

# SPIVEY,
*Petitioner,*

*v.*

# SAIF CORPORATION,
*Respondent.*

(WCB 83-11519 & 83-07867; CA A34196)

720 P2d 755

Wilbur C. Smith, Jr., Portland, argued the cause for

petitioner. With him on the brief was Galton, Popick & Scott, Portland.

Jeffrey J. Bennett, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Darrell E. Bewley, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's decision upholding SAIF's denials of both of his claims. The issues are (1) whether his claims are compensable; (2) whether he is entitled to additional interim compensation; and (3) whether he is entitled to penalties and attorneys' fees for SAIF's late denial of his first claim.

Claimant contends that he injured his back while working as a bus driver on April 21, 1983. He continued to work until the next day. The following three days were his scheduled days off. He took additional time off from work after that to attend to his duties as a union official and to take a short vacation. He first visited a doctor regarding his back injury on May 14 or May 18, 1983. SAIF received a Form 827, "First Medical Report For Workers' Compensation Claims," on May 23, 1983.[1] A workers' compensation claim form (Form 801) in the record indicates that the employer first received notice of the claim two days later. SAIF initially paid interim compensation for the period commencing on the day after his injury. However, on July 1, 1983, it informed him that he was not entitled to compensation for the period before he first sought medical treatment and that it would therefore recoup the amount it had paid him for that period by decreasing the amounts of future payments. It paid interim compensation through July 26, 1983, and denied the claim on July 27, 1983. Claimant returned to work in August, but he again left work on September 5, because the seat on the bus he drove irritated his back. He filed a second claim, which his employer received on October 1, 1983. SAIF did not pay any interim compensation on that claim and denied it on November 29, 1983.

The referee upheld both denials. He based his decision on claimant's lack of credibility and the lack of credible medical evidence to support the claims. The referee did not award any additional interim compensation on the first claim. On the second claim, he ordered SAIF to pay interim compensation for the period between October 1, 1983 (the date of notice to the employer) and November 29, 1983 (the date of

---

[1] The record contains a partially completed Form 827 signed by claimant and received by SAIF on May 20, 1983. Neither party attaches any significance to it.

SAIF's denial) and a 25 percent penalty for its failure to pay the interim compensation. The referee stated that claimant was not entitled to interim compensation from the date of his injury, because SAIF's denial was being upheld. Finally, the referee found that SAIF's (four-day) late denial of the first claim was a "de minimus matter" and that SAIF was thus not liable for penalties or attorney fees. The Board adopted and affirmed the referee's opinion and order.

On *de novo* review, we agree that claimant has not proven that his injuries are work related. We therefore affirm the portion of the Board's order upholding SAIF's denials.

■ Claimant argues that, whether the denials are overruled or sustained, he is entitled to interim compensation on each claim for the period between the date when he left work because of the injury and the date of SAIF's denial. SAIF responds that he is entitled only to compensation for the period between the date of notice of his claim and the date of its denial. SAIF is correct, because the claim was properly denied. *Stone v. SAIF,* 57 Or App 808, 812, 646 P2d 668 (1982), *cross-petition dismissed as improvidently granted* 294 Or 442, 656 P2d 940 (1983); *Kosanke v. SAIF,* 41 Or App 17, 596 P2d 1013 (1979).[2]

■ Claimant contends that, even if he was not entitled to interim compensation from the date when he was injured, SAIF must repay the interim compensation that it had paid him on his first claim for the period between April 21 and May 18, 1983, because it lacked authority to recoup that amount unilaterally. An insurer may not recoup overpayments without prior authorization from the Board, the referee or the Workers' Compensation Department. *Forney v. Western States Plywood,* 66 Or App 155, 672 P2d 1376 (1983), *aff'd,* 297 Or 628, 686 P2d 1027 (1984); *Wilson v. SAIF,* 48 Or App 993,

---

[2] There is language in *Bono v. SAIF,* 298 Or 405, 692 P2d 606 (1984), that lends additional support to our conclusion. The court held that interim compensation need not be paid to a worker who has not demonstrated an absence from work. Applying that holding to the facts before it, the court suggested that interim compensation must be paid only for the period commencing with the date the claim was filed:

"The referee specifically found that claimant did not have a time loss just subsequent to the injury. However, there was no finding concerning whether claimant had left work during the period immediately subsequent to the date the claim was filed. *That is the period during which interim compensation may be due in this case.* * * *" 298 Or at 410. (Emphasis supplied.)

618 P2d 473 (1980); *Taylor v. SAIF,* 40 Or App 437, 595 P2d 515, *rev den* 287 Or 477 (1979); *Horn v. Timber Products, Inc.,* 12 Or App 365, 507 P2d 36 (1973); *Jackson v. SAIF,* 7 Or App 109, 490 P2d 507 (1971). The appropriate procedure would have been to request a hearing on the issue under ORS 656.283(1).[3] Thus, regardless of whether claimant was entitled to interim compensation commencing from the date of his disability on his first claim, SAIF must repay the amount which it improperly recouped. *See Forney v. Western States Plywood, supra,* 66 Or App at 160.

■  Finally, claimant argues that he is entitled to penalties and attorney fees under ORS 656.262(10) for SAIF's late denial of his first claim.[4] SAIF denied the claim on July 27, 1983, four days beyond the 60-day limit for acceptance or denial of claims. *See* ORS 656.262(6). It offers no explanation for its delay. However, we cannot discern whether there were any "amounts then due" at the time of SAIF's denial upon which to calculate a penalty. *Paige v. SAIF,* 75 Or App 160, 164, 706 P2d 575 (1985). We remand for a determination whether there were any amounts due at the time of SAIF's denial and, if so, for determination of a penalty. Claimant is in any event entitled to an award of reasonable attorney fees for SAIF's late denial. *Bono v. SAIF,* 66 Or App 138, 143, 673 P2d 558 (1983), *rev'd on other grounds* 298 Or 405, 692 P2d 606 (1984); *Hewes v. SAIF,* 36 Or App 91, 583 P2d 576 (1978).

Remanded for entry of order directing SAIF to repay compensation improperly recouped and for determination of

---

[3] ORS 656.283(1) provides:

"Subject to * * * ORS 656.319 [concerning the time within which a hearing must be requested], any party or the director may at any time request a hearing on any question concerning a claim."

[4] ORS 656.262(10) provides:

"If the insurer * * * unreasonably delays acceptance or denial of a claim, the insurer * * * shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section.* * *"

penalties and attorney fees for SAIF's late denial; otherwise affirmed.