On petitioner - cross-respondent's reconsideration filed July 25, 1986, reconsideration allowed; reversed and remanded for determination of attorney fees, former opinion (80 Or App 276, 720 P2d 1350) otherwise affirmed September 10, 1986

In the Matter of the Compensation of
Delbert Hutchinson, Claimant.
HUTCHINSON,
*Petitioner - Cross-Respondent,*

*v.*

LOUISIANA-PACIFIC CORPORATION,
*Respondent - Cross-Petitioner,*

*and*

TIMBERLAND LOGGING COMPANY et al,
*Respondents - Cross-Respondents.*

(WCB 83-09115 & 84-00654; CA A36379)

724 P2d 894

James S. Coon and Aitchison, Imperati, Barnett & Sherwood, P.C., Portland, for petition.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Petitioner - cross-respondent requests reconsideration of our decision in this case, 80 Or App 276, 720 P2d 1350 (1986), pursuant to ORAP 10.10. We allow the petition, modify our decision and affirm it as modified.

On review, petitioner contended that the Workers' Compensation Board erred in denying penalties and attorney fees which he requested because of SAIF's late denial of his workers' compensation claim. ORS 656.262(10). We affirmed the Board's decision without opinion. Petitioner points out that, under *Spivey v. SAIF,* 79 Or App 568, 720 P2d 755 (1986), he is entitled to attorney fees. He is not entitled to a penalty for the tardy denial, because there was no compensation then due on which to base a penalty. He is, however, entitled to attorney fees. *Spivey v. SAIF, supra.*

Reconsideration allowed; reversed and remanded for determination of attorney fees; otherwise affirmed.