Argued and submitted March 24, affirmed September 24, 1986

In the Matter of the Compensation of
Charles L. Gregg, Claimant.

GREGG,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
Respondents.

(WCB 84-10197; CA A36642)

725 P2d 930

Philip H. Garrow, Bend, argued the cause and filed the brief for petitioner.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Claimant seeks reversal of a Workers' Compensation Board order which upheld SAIF's denial of compensation for symptoms known as Raynaud's phenomenon, a blanching, numbness and tingling of the hands. We affirm the Board and write only to correct what we perceive to be a persistent misconception of the scope of the Supreme Court's decision in *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983).

Claimant suffered a back injury on October 8, 1982, when he was struck in the back at chest level with a swinging log. SAIF expressly accepted the claim for the back injury on October 25, 1982, and began paying benefits. Claimant's hand symptoms were first mentioned in a medical report on January 13, 1983. Treatment for the back had virtually ceased by that time, but SAIF continued to pay benefits for medical treatment and time loss for the hand condition. The worker's compensation department issued a determination order on September 13, 1984, awarding temporary total disability. On November 28, 1984, SAIF issued a partial denial, rejecting the compensability of the Raynaud's phenomenon hand symptoms.

Initially, we note that the parties have never treated the Raynaud's phonomenon as a separate claim. They have regarded it from the outset as an aspect of the injury claim, as indicated by SAIF's "partial denial." At the time when SAIF accepted the claim, however, it had no notice of claimant's hand symptoms, which we have concluded are not medically related to the back condition, and its acceptance, therefore, did not encompass the Raynaud's phenomenon. *Destael v. Nicolai Company,* 80 Or App 596, 723 P2d 348 (1986).[1] Claimant does not seriously contend otherwise.

Claimant asserts, rather, that SAIF, having paid benefits after it learned of the hand symptoms, is deemed, under *Bauman,* to have accepted responsibility. The Supreme Court held in *Bauman* that, when an insurer expressly accepts a claim, it may not reverse that decision after the 60 days provided under ORS 656.262(6) for acceptance or denial of a

---

[1] *Compare Johnson v. Spectra Physics,* 77 Or App 1, 5, 712 P2d 125 (1985), *rev allowed* 301 Or 165 (1986), where the insurer had knowledge of the second condition at the time when it expressly accepted the claim.

claim. If the insurer has not expressly accepted the claim, however, a different rule applies. *See Frasure v. Agripac,* 290 Or 99, 619 P2d 274 (1980). ORS 656.262(9) provides, in part:

> "Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability * * *."

In *Bauman* the court stated that that provision protects an insurer which begins payments under ORS 656.262(4) without accepting the claim from having the payments interpreted as acceptance. That insurer is not subsequently barred from denying the claim. The payment of benefits does not constitute constructive acceptance.

■ SAIF's payment of benefits for the hand condition did not preclude it from denying that the condition was a result of the accident.

Affirmed.