Argued and submitted April 23, affirmed November 12, reconsideration denied December 5, petition for review denied December 30, 1986 (302 Or 461)

In the Matter of the Compensation of
Frank R. Roberts, Claimant.

ROBERTS,
*Petitioner,*

*v.*

WILLAMETTE INDUSTRIES et al,
*Respondents.*

(WCB 83-04813; CA A36437)

728 P2d 60

James L. Francesconi, Portland, argued the cause for petitioner. With him on the brief was Francesconi & Cash, P.C., Portland.

Allan M. Muir, Portland, argued the cause for respondents. With him on the brief were Delbert J. Brenneman, Ridgway K. Foley, Jr., P.C., and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of a Workers' Compensation Board order which affirmed the referee's determination that a disputed claim settlement executed by claimant and the insurer should not be set aside. ORS 656.289(4)[1] allows the resolution of a claim by way of a disputed claim settlement when there is a bona fide dispute as to compensability. Claimant contends that there was no bona fide dispute as to the compensability of his claim and that the settlement should therefore be set aside.

Claimant sustained a back injury in November, 1977, when he slipped and fell while working for employer as a watchman. He suffers from many other serious ailments that are not related to his employment. Insurer did not accept or deny the claim, but began paying benefits. It requested claim closure on September 9, 1980, anticipating that claimant would be found permanently and totally disabled. In October, 1980, a determination order awarded permanent total disability. The record shows that insurer intended to challenge the award by requesting a hearing. However, in December, 1980, before a request for hearing was made, claimant's attorney initiated discussions with insurer with the hope of obtaining a lump sum payment. Insurer declined to consider a lump sum payment but agreed to negotiate a disputed claim settlement. Insurer's internal communications indicate that it regarded an early settlement as highly desirable.

Negotiations proceeded, and on January 27, 1981, claimant agreed to and signed a settlement for $40,000 as

---

[1] ORS 656.289(4) provides:

"Notwithstanding ORS 656.236, in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a referee, the board or the court, by agreement make such disposition of the claim as is considered reasonable. If disposition of a claim referred to in ORS 656.313(3) is made pursuant to this subsection and the insurer or self-insured employer and the affected medical service and health insurance providers are unable to agree on the issues of liability or the amount of reimbursement to the medical service and health insurance providers, and the amount in dispute is $2,000 or more, those matters shall be settled among the parties by arbitration in proceedings conducted independent of the provisions of this chapter. If the amount in dispute is less than $2,000, the insurer or self-insured employer shall pay to the medical service and health insurance provider one-half the disputed amount. As used in this subsection 'health insurance' has the meaning for that term provided in ORS 731.162."

"full, complete, and final settlement for all time for all claims which the Claimant has made or may hereafter make involving the contentions herein, medically described and alleged to have arisen out of and in the course and scope of Claimants [*sic*] employment. This Settlement should not and will not in any way be construed as a compromise or release of any rights that Claimant may have to file a claim for aggravation under the Workers' Compensation Laws of Oregon for that portion of his accepted Claim which, according to the medical evidence, required no more than six months of medical care and treatment and temporary total disability but did not result in any permanent disability of any kind."

In the meantime, on January 23, 1981, insurer had denied compensability of the claim.

The referee refused initially to approve the settlement on the ground that there was no evidence of a bona fide dispute as to compensability. There appears to be no doubt that, at that time, claimant was permanently and totally disabled. The medical evidence so indicated, but one report, which found that claimant was medically stationary, indicated that he had only moderate impairment as a result of the injury. The insurer then requested an opinion from Dr. Edward Rosenbaum[2] concerning the compensability of claimant's disability. Rosenbaum reviewed the medical file but did not examine claimant. On February 24, 1981, he reported that claimant's compensable back injury was a sprain that had resolved within six months, that it had caused no permanent disability and that claimant's current disability was not related to the injury. The referee then approved the revised settlement agreement.

■ Claimant asserts that the "dispute" as to compensability was manufactured by insurer for the purpose of the disputed claim settlement and that, therefore, there was no bona fide dispute. That conclusion is supported, he argues, by insurer's general denial of the compensability of the claim after it had paid benefits and had implicitly admitted compensability for three years. *But see Gregg v. SAIF,* 81 Or App 395, 725 P2d 930 (1986). Although it is true that there has never been a dispute concerning the compensability of the initial

---

[2] There were two doctors Rosenbaum in the same office, the other of whom had been one of claimant's treating physicians.

injury, that is not the issue. The record shows that insurer had intended to challenge the award of permanent total disability and that its attorney had recommended that it request a hearing after current medical reports were obtained. Rosenbaum's report dealt specifically with the question of the continuing compensability of claimant's symptoms.[3]

In a challenge to the determination order, insurer could have raised the question of the permanency of claimant's compensable disability; its general denial of the claim was not a requisite to an argument that claimant's continuing disability was not causally related to his compensable injury and therefore was not compensable.[4] Claimant has not sustained his burden to prove that the dispute as to compensability was not bona fide.

■ Claimant also contends that the agreement itself is unconscionable and should be set aside for that reason. Four workers' compensation attorneys, including at least one claimant's attorney, testified that there was a bona fide dispute and that the settlement was reasonable under the circumstances. Claimant has also failed to sustain his burden to prove unconscionability.

Affirmed.

---

[3] Claimant asserts that the report contains many deficiencies. None of the alleged deficiencies casts doubt on its genuineness.

[4] Claimant asserts that insurer should not have been permitted to deny the claim, *see Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983); however, that denial was not challenged by claimant and is not material to our decision.