Argued and submitted January 5, affirmed May 20, reconsideration allowed by opinion
September 16, 1987
See 87 Or 401 (1987)

In the Matter of the Compensation of
Daryl G. Richmond, Claimant.

RICHMOND,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 83-08780; CA A39405)

737 P2d 135

Philip H. Garrow, Bend, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of a Workers' Compensation Board order which upheld a disputed claim settlement between claimant and SAIF. We affirm.

Claimant suffered a compensable back injury in 1980, and in October, 1981, the claim was closed by a determination order which awarded permanent partial disability. In December, 1981, the parties stipulated to reopen the claim for payment of medical benefits and temporary total disability. SAIF also began paying claimant's medical bills for psychiatric treatment but did not accept or deny responsibility for the psychological or psychiatric condition. The claim was closed again by a determination order in February, 1983; claimant was awarded temporary total disability but no additional permanent partial disability. On April 26, 1983, claimant signed a stipulation and order by which he agreed to settle the claim for his psychological or psychiatric condition for $15,000. It provided, in part:

> "7)  The parties are desirous of settling their differences without incurring the cost of litigation and it is therefore stipulated and agreed, subject to the approval of the Workers' Compensation Board, pursuant to the provisions of ORS 656.289(4), that this matter may be fully and finally settled by the payment by the SAIF Corporation and the acceptance by the Claimant of $15,000.00 in full and final settlement of any and all claims for any psychiatric or psychological disabilities.

> "8)  Claimant understands that this is a settlement of a doubtful and disputed claim and that there is no acceptance of the denied conditions either expressed or implied and that the same shall remain in their denied status forever. Claimant further understands that in the event of a subsequent closure of his claim after completion of an approved program of vocational rehabilitation he may only contest the permanent partial disability given him if he can demonstrate a change in his physical condition since this arrangement for compensation."

In a separate section of the agreement, SAIF specifically denied responsibility for claimant's psychological or psychiatric condition. The settlement was approved by the Hearings Division on May 23, 1983.

A hearing was held on December 5, 1984, on claimant's appeal from the 1983 determination order. The hearing

also addressed the validity of the disputed claim settlement. The referee set aside the settlement and ordered claimant to repay the $15,000 that SAIF had paid under the agreement. The Board affirmed on appeal. However, on reconsideration, the Board withdrew its previous order and reversed that portion of the referee's order that set aside the settlement.

■  On judicial review, claimant first contends that the Board erred in reinstating the settlement, because SAIF had already accepted petitioner's psychological condition when it stipulated to a reopening of the claim. In December, 1981, when the claim was reopened, the stipulation was that SAIF would reopen the "claim for temporary total disability and medical service benefits effective November 9, 1981, and continuing until closed." Claimant asserts that, because SAIF agreed to reopen the claim and paid for claimant's psychological care from December, 1981, through May 23, 1983, it has accepted the psychological condition. Claimant is incorrect. ORS 656.262(9) provides in part:

> "Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability * * *."

Additionally, it has been established that payments made by an insurer in compliance with ORS 656.262(4)[1] are not to be interpreted as acceptance of a claim. *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983); *Frasure v. Agripac,* 290 Or 99, 619 P2d 274 (1980); *Gregg v. SAIF,* 81 Or App 395, 725 P2d 930 (1986).

■  Claimant also argues that ORS 656.262(6)[2] required SAIF to deny the psychological claim within 60 days and that,

---

[1] ORS 656.262(4) provides in part:

"The first instalment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim. Thereafter, compensation shall be paid at least once each two weeks, except where the director determines that payment in instalments should be made at some other interval. * * *"

[2] ORS 656.262(6) provides in part:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the employer has notice or knowledge of the claim. Pending acceptance or denial of a claim, compensation payable to a claimant does not include the costs of medical benefits or burial expenses. The insurer shall also furnish the employer a copy of the notice of acceptance. * * *"

because it did not, the claim should be deemed accepted. Contrary to claimant's assertion, the failure to deny a claim within the time limitation does not preclude a subsequent denial. We stated in *Townsend v. Argonaut Ins. Co.,* 60 Or App 32, 36, 652 P2d 828 (1982), that "the penalty for a late denial is not a waiver of the right to deny; the penalty is specified in [ORS 656.262(10)]."[3]

■    Claimant next asserts that the settlement should have been set aside because there was no bona fide dispute. ORS 656.289(4)[4] allows the resolution of a claim by a disputed claim settlement when there is a bona fide dispute as to compensability. *Roberts v. Willamette Industries,* 82 Or App 188, 728 P2d 60, *rev den* 302 Or 461 (1986). Claimant contends that there was no dispute over the compensability of his psychological condition, because all the medical evidence indicates that his psychological condition either arose out of or was aggravated by his back injury. SAIF did not accept claimant's psychological condition as compensable; it follows that there was a dispute between SAIF and claimant about the compensability of that condition. It was SAIF's position either that the psychological condition preexisted the injury and was not aggravated by it or that it arose independently of the injury.

The medical evidence reveals disagreement as to the cause of the psychological condition. One doctor stated that

---

[3] ORS 656.262(10) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

[4] ORS 656.289(4) provides:

"Notwithstanding ORS 656.236, in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a referee, the board or the court by agreement make such disposition of the claim as is considered reasonable. If disposition of a claim referred to in ORS 656.313(3) is made pursuant to this subsection and the insurer or self-insured employer and the affected medical service and health insurance providers are unable to agree on the issues of liability or the amount of reimbursement to the medical service and health insurance providers, and the amount in dispute is $2,000 or more, those matters shall be settled among the parties by arbitration in proceedings conducted independent of the provisions of this chapter. If the amount in dispute is less than $2,000, the insurer or self-insured employer shall pay to the medical service and health insurance provider one-half the disputed amount. As used in this subsection 'health insurance' has the meaning for that term provided in ORS 731.162."

claimant's depression was a result of his inability to find a successful rehabilitation program and job; another concluded that depression was a deeply ingrained part of his personality and that it was difficult to determine how much of his discontent was caused from his preexisting personality and how much was due to his work situation. There is also evidence that claimant's problem was caused by anger at his employer, concern about his wife's health problems and by financial problems that pre-dated the injury. Finally, there is evidence that the depression and anxiety were a result of the injury. We conclude that there was a bona fide dispute and that it was the proper subject of a settlement.

Affirmed.