On petitioner's reconsideration filed June 23, reconsideration allowed and former opinion (85 Or App 444, 737 P2d 135) adhered to as clarified September 16, reconsideration denied November 13, petition for review denied December 15, 1987 (304 Or 547)

In the Matter of the Compensation of
Daryl G. Richmond, Claimant.

RICHMOND,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 83-08780; CA A39405)

742 P2d 677

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant petitions for review of our decision, 85 Or App 444, 737 P2d 135 (1987), and we treat the petition as one for reconsideration. ORAP 10.10. We allow reconsideration and adhere to our decision as explained in this opinion.

One issue in this case is whether SAIF had accepted responsibility for claimant's psychological condition before the disputed claim settlement under ORS 656.289(4). Claimant was receiving benefits for a back injury. After an initial determination order, the parties stipulated to reopen the claim "for temporary total disability and medical service benefits effective November 9, 1981, and continuing until closed." SAIF then began paying for claimant's psychological care. In our opinion we said:

> "Claimant asserts that, because SAIF agreed to reopen the claim and paid for claimant's psychological care from December, 1981, through May 23, 1983, it has accepted the psychological condition. Claimant is incorrect. ORS 656.262(9) provides in part:
>
>> " 'Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability * * *.'
>
> "Additionally, it has been established that payments made by an insurer in compliance with ORS 656.262(4) are not to be interpreted as acceptance of a claim." 85 Or App at 447. (Footnote omitted.)

Claimant notes, in his petition, that ORS 656.262(6) provides:

> "Pending acceptance or denial of a claim, compensation payable to a claimant does not include the costs of medical benefits."

Medical benefits, he contends, are not interim compensation which must be paid under ORS 656.262(4) and that we were incorrect in suggesting that they are. It follows, he argues, that payment of medical benefits by SAIF was not required but was voluntary in acknowledgment of responsibility for the psychological condition. Consequently, he postulates, payment of the medical costs do not come under ORS 656.262(9), because they are not "interim compensation."

Medical payments made by an employer or carrier are

not "interim compensation." In *Jones v. Emanuel Hospital,* 280 Or 147, 570 P2d 70 (1977), the court used the term "interim compensation" as being effectively synonymous with temporary total disability. Although we agree with claimant that medical payments are not the same as temporary total disability benefits, we do not agree that the payment of benefits by SAIF in this case constituted an acceptance of the psychological condition as compensable. ORS 656.262(9) does not relate only to "interim compensation."

Petition for reconsideration allowed; former opinion adhered to as clarified.