In the Matter of the Compensation of
John D. Ellis, Claimant.

ELLIS,
*Petitioner,*

*v.*

McCALL INSULATION et al,
*Respondents.*

(WCB 85-03981; CA A43948)

761 P2d 6

Karsten H. Rasmussen, Eugene, argued the cause for petitioner. On the brief was Steven C. Yates, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of a Workers' Compensation Board order which held that SAIF had issued a *de facto* denial of claimant's medical bills and that, therefore, the referee erred in ordering their payment.

Claimant suffered a compensable back injury in 1979 and was awarded 10 percent unscheduled disability in 1981. From the time of the injury, he received ongoing chiropractic care. SAIF paid for all of the treatments until January, 1985, when it paid for only two of eleven visits. In February, it paid for only two of twelve. After claimant changed chiropractors in July, 1985, no payments were made. SAIF never issued a formal denial and never advised claimant that the bills were no longer being paid. Claimant initiated this proceeding to require SAIF to pay the bills. SAIF defended by introducing evidence that the chiropractic treatments were not related to claimant's compensable injury.

The referee stated that, if the issues of the compensability and reasonableness of the medical services were before him, he would have ruled in SAIF's favor. However, he concluded that SAIF was obligated to pay the bills, because it had not properly denied responsibility for them. The Board reversed. It concluded that payment should not have been ordered because the continued treatments were not causally related to the injury and because SAIF had made a *de facto* denial.

An insurer is liable for medical services resulting from a compensable injury. ORS 656.245(1). If the insurer believes that the services are not reasonable and necessary, it can deny benefits for them. However, under ORS 656.262(6),[1] the claimant must be given written notice of a denial within 60 days after the employer has notice or knowledge of the claim,

---

[1] ORS 656.262(6) provides, in part:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the employer has notice or knowledge of the claim. Pending acceptance or denial of a claim, compensation payable to a claimant does not include the costs of medical benefits or burial expenses. The insurer shall also furnish the employer a copy of the notice of acceptance."

which in this instance would be the billing. Here, insurer did not give written notice of denial to claimant; it simply refused to pay.

Both parties agree that there is no authority that SAIF's refusal to pay for medical services was a *de facto* denial. Claimant argues that SAIF's failure properly to deny the billing requires that it pay for the medical services. Even assuming that each of the medical bills constituted a "claim," SAIF did not accept it, and its failure to accept or deny is not an acceptance under *Johnson v. Spectra Physics,* 303 Or 49, 733 P2d 1367 (1987), and *Richmond v. SAIF,* 85 Or App 444, 737 P2d 135, 87 Or App 401, 742 P2d 677, *rev den* 304 Or 547 (1987). On *de novo* review, we hold that the referee and Board properly concluded that claimant's continuing need for chiropractic services was not causally related to his compensable injury.

Claimant also requests penalties and attorney fees for SAIF's delay in denying the claim. However, even if the submission of the medical bills constitutes a claim, and SAIF was required to give written notice of acceptance or denial within 60 days under ORS 656.262(6), penalties can only be measured by "amounts then due." *Hutchinson v. Lousiana-Pacific Corp.,* 81 Or App 162, 724 P2d 894 (1986). In this case, there were no "amounts then due," because claimant's treatments were not related to his compensable injury.

ORS 656.262(10) allows the imposition of attorney fees if an insurer unreasonably delays or unreasonably refuses to pay compensation. *Mischel v. Portland General Electric,* 89 Or App 140, 747 P2d 410 (1987), *rev den* 305 Or 671 (1988). In the circumstances of this case, SAIF's refusal to pay and its delay were not unreasonable. *See Poole v. SAIF,* 69 Or App 503, 686 P2d 1063 (1984).

Affirmed.