Argued and submitted February 1, the decision of the Workers' Compensation Board
affirmed and reversed as to award of attorney fees June 6, 1989

In the Matter of the Compensation of
John D. Ellis, Claimant.

ELLIS,
*Petitioner on Review,*

*v.*

McCALL INSULATION et al,
*Respondents on Review.*

(WCB No. 85-03981; CA A43948; SC S35650)

775 P2d 316

Karsten H. Rasmussen, Eugene, argued the cause for petitioner on review. Also on the petition for review was Rasmussen & Henry, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents on review.

CARSON, J.

## CARSON, J.

In this workers' compensation proceeding, the primary issue is whether an insurer must pay chiropractic bills unrelated to a compensable injury absent the issuance of a formal denial. In the circumstances of this case, we conclude that payment is not required.

In 1979, claimant injured his back. He filed a workers' compensation claim, which the insurer accepted. Ultimately, an award of 10 percent unscheduled permanent partial disability was rendered.

Immediately upon injury, claimant began chiropractic treatments. The insurer paid for all the treatments until December 1984. The insurer then decreased the number of treatments for which it would pay. For example, in December, the insurer paid for only three of 12 treatments and, from January through June 1985, the insurer paid for only six of 56 treatments. When claimant changed chiropractors in July 1985, the insurer stopped payments altogether. The insurer did not issue any formal denial of an obligation to pay the bills or advise claimant that the bills would not be paid; it just stopped paying.

Claimant began this proceeding to compel payment of the unpaid bills. The insurer countered that the unpaid bills were unrelated to claimant's compensable back injury. After a hearing, the referee stated that he agreed with the insurer. Nevertheless, he ordered the insurer to pay the bills because the insurer did not timely deny them. He also ordered the insurer to pay a penalty and attorney fees.

Upon review, the Workers' Compensation Board concluded that the referee had erred in ordering the insurer to pay the unpaid bills. The Board determined that the bills were unrelated to the compensable injury. The Board also deleted the penalty and modified the attorney fees award.

The Court of Appeals affirmed the Board's decision.[1] *Ellis v. McCall Insulation,* 93 Or App 188, 761 P2d 6 (1988). We affirm the decision of the Court of Appeals.

---

[1] In affirming the Board's decision, the Court of Appeals deleted the award of attorney fees. *Ellis v. McCall Insulation,* 93 Or App 188, 191, 761 P2d 6 (1988).

At the outset, one matter should be made clear—claimant does not argue that the unpaid bills related to his compensable injury. That issue is not before us. Rather, claimant argues that the insurer must pay the bills because it did not timely deny them.

As claimant would have us do, we assume that his unpaid chiropractic bills were "claims" under ORS 656.262(6).[2] That statute requires an insurer to provide "[w]ritten notice of acceptance or denial of the claim" within 60 days after the employer has "notice or knowledge of the claim." If the insurer unreasonably delays acceptance or denial of the claim, the insurer is liable for "an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382." ORS 656.262(10).[3]

In *Johnson v. Spectra Physics*, 303 Or 49, 733 P2d 1367 (1987), the insurer did not accept or deny one aspect of a claim for medical, surgical, and time-loss benefits within the 60 days set by ORS 656.262(6). This court concluded that the failure to respond was "neither acceptance nor denial" and that inaction, in itself, did not render the insurer liable on the claim. *Johnson v. Spectra Physics, supra,* 303 Or at 58-59. This court also concluded, however, that the insurer might be liable for "penalties" under ORS 656.262(10) for delaying its response. *Id.*

■ *Johnson* governs this case. Here, the insurer also did not respond to "claims" for payment of chiropractic bills within the time set by ORS 656.262(6). The insurer simply stopped paying the chiropractic bills. As in *Johnson,* that inaction or failure to respond does not render the insurer liable for the unpaid bills or "claims."

---

[2] ORS 656.262(6) provides, in part:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the employer has notice or knowledge of the claim. * * * "

[3] ORS 656.262(10) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

■■ In respect of an "additional amount" (or penalty) to be assessed under ORS 656.262(10), no amount was owed claimant for the unpaid bills. Consequently, there was no amount "then due" upon which to assess the additional amount.

In respect of attorney fees, the basis for an award of attorney fees, unlike the basis for an award of an "additional amount," is not hinged to "amounts then due." Instead, ORS 656.262(10) provides that attorney fees are to be assessed under ORS 656.382. ORS 656.382, in turn, is keyed to unreasonably resisting the payment of compensation. Here, the insurer did not unreasonably resist payment of compensation where the "claims" were unrelated to claimant's compensable injury and the insurer is not liable for the unpaid bills.

Claimant is not entitled to an "additional amount" or to attorney fees. The decision of the Workers' Compensation Board is affirmed except as to the award of attorney fees, which is reversed.