Argued and submitted October 29, 1990, affirmed June 19, 1991

In the Matter of the Compensation of
Laurina A. Randall, Claimant.

Laurina A. RANDALL,
*Petitioner,*

*v.*

LIBERTY NORTHWEST
INSURANCE CORPORATION
and Point Adams Packing,
*Respondents.*

(WCB 87-19076; CA A64057)

813 P2d 1120

Martin L. Alvey, Astoria, argued the cause for petitioner. With him on the brief was Patrick Lavis, P.C., Astoria.

Stafford J. Hazelett, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of a Workers' Compensation Board order that upheld the denial of her aggravation claim and refused to award her attorney fees. We affirm.

The Board found these facts:

"In 1983, claimant was working in the employer's fish processing plant when she slipped and injured her wrist as it struck the metal edge of a table. She finished her shift and sought treatment for her wrist the following day. Approximately one month after her injury, claimant received treatment in a Seattle hospital for continuing pain in her wrist.

"Six weeks after receiving treatment in Seattle, claimant left for Alaska to work for a second employer. Eight to ten days after beginning work as a fish processor, claimant noticed a lump on her left wrist. In 1985, claimant returned from Alaska to work for her previous employer. * * * In March 1986, she began to experience tingling and numbness in her arm and fingers.

"Claimant commenced treatment with Dr. Swanson on May 14, 1987."

Claimant's first assignment is that the "Board err[ed] when it accorded greater weight to the opinions of the consulting physicians in this case." The substance of her argument is that the reason given by the Board for discounting her treating doctor's opinion was "unreasonable and is therefore not supported by substantial evidence." The Board explained:

"Claimant treated with several physicians immediately after her initial injury. She did not seek treatment from [the treating physician], however, until nearly four years after she first noticed the lump. Where a treating physician has not had an opportunity to personally observe claimant's condition near the time of the critical event and then make his comparison based on firsthand knowledge, we may accord more weight to other medical opinions."

As we said in *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 752 P2d 312 (1988), when there are medical opinions on both sides of the case, there will in all probability be substantial evidence to support the decision. The Board rationally explained why it had accepted the opinions of the consulting physicians rather than claimant's treating doctor. There was

substantial evidentiary support for the decision on compensability.

■ The second assignment is that the Board erred by not awarding claimant attorney fees for unreasonable delay in denying the claim. Under ORS 656.262(6), an employer or its insurer has 60 days in which to deny or accept a claim for aggravation. Claimant filed her claim in May or June, 1987, and it was denied on December 9, 1987, well after the 60-day period. The Board held that, "because we have decided that there is no compensable aggravation, the delay in accepting or denying the aggravation claim did not delay any compensation and is, therefore, not an unreasonable resistance to the payment of compensation."

ORS 656.262(10) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

ORS 656.382 provides, in part:

"(1) If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

Subsection (2) provides that the fee shall be

"a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing."

Claimant argues that our decisions in *Mischel v. Portland General Electric,* 89 Or App 140, 747 P2d 410 (1987), *rev den* 305 Or 576, 305 Or 671 (1988), and *Spivey v. SAIF,* 79 Or App 568, 720 P2d 755 (1986), are directly in point and allow an award of attorney fees, even if no compensation was due. The Board's decision was based on one of its

own decisions to the effect that *Spivey* and *Mischel* were effectively overruled by *Ellis v. McCall Insulation,* 308 Or 74, 775 P2d 316 (1989). *Lloyd L. Cripe,* 41 Van Natta 1774 (1989).

In *Mischel v. Portland General Electric, supra,* we explained our holding in *Spivey v. SAIF, supra,* about the relationship between ORS 656.262(10) and ORS 656.382:

> "We do not read ORS 656.262(10) to say that attorney fees can be allowed under that statute only under the circumstances described in ORS 656.382. We understand it to provide that attorney fees that may be assessed under the circumstances described in ORS 656.382 may also be assessed for an unreasonable denial. ORS 656.382 does not impose additional restrictions on when attorney fees may be assessed under ORS 656.262(10). The Board could properly assess attorney fees pursuant to ORS 656.262(10) and ORS 656.382, even though no compensation was then due." 89 Or App at 143.

After *Ellis v. McCall Insulation, supra,* that analysis is incorrect.

The cryptic holding regarding attorney fees in *Ellis v. McCall Insulation, supra,* can best be understood in the context of the facts there. We quote from the opinion:

> "In 1979, claimant injured his back. He filed a workers' compensation claim, which the insurer accepted. Ultimately, an award of 10 percent unscheduled permanent partial disability was rendered.
>
> "Immediately upon injury, claimant began chiropractic treatments. The insurer paid for all the treatments until December 1984. The insurer then decreased the number of treatments for which it would pay. For example, in December, the insurer paid for only three of 12 treatments and, from January through June 1985, the insurer paid for only six of 56 treatments. When claimant changed chiropractors in July 1985, the insurer stopped payments altogether. The insurer did not issue any formal denial of an obligation to pay the bills or advise claimant that the bills would not be paid; it just stopped paying.
>
> "Claimant began this proceeding to compel payment of the unpaid bills. The insurer countered that the unpaid bills were unrelated to claimant's compensable back injury. After a hearing, the referee stated that he agreed with the insurer.

Nevertheless, he ordered the insurer to pay the bills because the insurer did not timely deny them. He also ordered the insurer to pay a penalty and attorney fees." 308 Or at 76.

In the Supreme Court, the claimant agreed that the chiropractic bills did not relate to his compensable injury but argued that the insurer had to pay them, because it did not timely deny owing them. The court held that the insurer was not liable for the bills.

The claimant had also sought attorney fees, because the insurer had not denied the "claim" within the time allowed by ORS 656.262. The court said:

"In respect of attorney fees, the basis for an award of attorney fees, unlike the basis for an award of an 'additional amount,' is not hinged to 'amounts then due.' Instead, ORS 656.262(10) provides that attorney fees are to be assessed under ORS 656.382. ORS 656.382, in turn, is keyed to unreasonably resisting the payment of compensation. Here, the insurer did not unreasonably resist payment of compensation where the 'claims' were unrelated to claimant's compensable injury and the insurer is not liable for the unpaid bills." 308 Or at 78.

The Supreme Court's analysis was solely that there must be an unreasonable resistance to payment of compensation within the meaning of ORS 656.382. Whether the claimant was entitled to a penalty under ORS 656.262(10) is not relevant to the issue of attorney fees. Contrary to our analysis in *Mischel* and *Spivey,* the reference in the penalty statute to ORS 656.382 merely indicates that, even if a claimant is entitled to attorney fees under that section, he may also get penalties for the described conduct of his employer or the employer's insurer. That conduct is not meant to describe a basis for an award of attorney fees, but it may constitute an unreasonable resistence to the payment of compensation under ORS 656.382(1).

It is also clear from *Ellis v. McCall Insulation, supra,* that, if the claim is not compensable, then there can be no unreasonable resistence to payment of compensation and, therefore, no entitlement to attorney fees. The claimant there had sought payment of the chiropractic bills as compensation for an industrial injury, and that issue had been litigated before the referee, the Board and this court. Consequently,

the Supreme Court's determination that no attorney fees were to be awarded under ORS 656.382 was because, ultimately, it was decided that the claim was not compensable.

There is no material distinction between *Ellis* and the case under review. Claimant sought compensation for an aggravation and also attorney fees on the ground that the claim was not denied within 60 days. Because we conclude, as did the Board, that the denied aggravation claim is not compensable, it follows that employer has not unreasonably resisted payment of compensation, because there is no compensation awarded.

Affirmed.